Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3743 | **DATE** | 6/16/2000 |
| **CASE TITLE** | Williams Electronics v Gregory Barry, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order dated 6/15/00 entered. Accordingly, plaintiff's motion for leave to file a third amended complaint is granted in part and denied in part. Plaintiff is given leave to file a third amended complaint on or before July 13, 2000.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUN 19 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | SB | 220 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAMS ELECTRONICS GAMES, INC., )
)
Plaintiff, )
) No. 97 C 3743
v. )
) Judge Robert Gettleman
GREGORY S. BARRY, LORNA BARRY, )
DONALD G. BARRY, KATHLEEN M. BARRY, )
JAMES M. GARRITY, ARROW ELECTRONICS, )
INC., a Delaware corporation, LAWRENCE J. )
GNAT, RICHARD S. SLUPIK, MILGRAY )
ELECTRONICS, INC., a New York corporation, )
MICROCOMP, INC., an Illinois corporation, )
LINDA J. GNAT, ETAK, LTD., an Arizona )
corporation, and AMERICAN PROGRESSIVE )
CIRCUITS, INC., an Illinois corporation, )
)
Defendants. )

DOCKETED
JUN 19 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Williams Electronic Games, Inc. has sued its former employee, Gregory Barry, and two of its former vendors, defendants Arrow Electronics, Inc. and Milgray Electronics, Inc., alleging that Arrow and Milgray through their respective employees James Garrity (Arrow) and Lawrence Gnat and Richard Slupik (Milgray), bribed Barry to purchase parts at inflated prices. On March 5, 1999, this court granted Arrow's and Milgray's motions to dismiss the Racketeering and Corrupt Organizations Act ("RICO", 18 U.S.C. § 1962) counts asserted against them in plaintiff's second amended complaint, holding that plaintiff had failed to allege that either Arrow or Milgray had authorized or subsequently ratified the actions of their former employees sufficient to support RICO liability based on respondeat superior. Williams Electronics Games, Inc. v. Barry, 42 F. Supp. 2d 785, 793-94 (N.D. Ill. 1999). The court

specifically noted that plaintiff may seek to refile if it could support a claim for ratification against any defendant. Id. at 794 n. 6.

On February 23, 2000, plaintiff moved to file a third amended complaint, reasserting the RICO counts against Arrow and Milgray based on "new" information it allegedly gained during the course of discovery. Arrow and Milgray object on a number of grounds, most notably prejudicial delay and futility.

## DISCUSSION

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The goal of the federal rules is to resolve disputes on the merits in a single judicial proceeding if possible. Jupiter Aluminum Corp. v. Home Insurance Co., 181 F.R.D. 605, 609 (N.D. Ill. 1998). Therefore, leave to amend should be allowed absent undue delay, bad faith, dilatory motive, undue prejudice, repeated failures to cure deficiencies by amendments previously allowed, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 91962).

Both Milgray and Arrow argue that they have suffered undue prejudice as a result of plaintiff's delay in reasserting the RICO claims. The motion to file the third amended complaint was brought one day before the close of discovery and, according to Arrow, many months after plaintiff learned of the "new" allegations that allegedly support the RICO claim. This delay cost Arrow and Milgray any opportunity to conduct discovery or submit expert opinion on the issues raised by the RICO allegations. Arrow suggests that plaintiff's timing intended such a result, while plaintiff argues that Arrow and Milgray should have anticipated RICO claims based on the earlier dismissed counts. Although the timing of plaintiff's proposed amendment is somewhat suspect, particularly in light of plaintiff's position that ratification is not subject to the

2

requirements of Fed. R. Civ. P. 9(b) and can be averred generally, any potential prejudice to Arrow or Milgray can easily be eliminated by opening discovery for a brief period limited to any new factual issues raised in the RICO claims.

More difficult are Arrow's and Milgray's arguments that the amendment is futile. With respect to Arrow, the "new" allegations in the proposed third amended complaint consist entirely of a vague allegation of "information provided to Garrity's manager by a former buyer for plaintiff in 1994 that Arrow offered kickbacks for business." This allegation, coupled with Arrow's knowledge of excessive profits as early as 1992 on plaintiff's account is, according to plaintiff, sufficient to allege that Arrow ratified Garrity's conduct.

Arrow has responded by presenting the deposition of the former buyer, who testified that Garrity approached him in 1989 or 1990 and offered to pay kickbacks. The buyer did not tell anyone at Arrow at that time, but did tell his supervisor at plaintiff. Four or five years later, when he was a buyer for another company, a group of Arrow employees solicited his business. He refused, telling them that "we don't want to do business with them because of their kickback policy." He never told anyone that Garrity had offered kickbacks or that anyone at plaintiff actually received kickbacks. Thus, Arrow argues that the evidence does not support the allegation that Arrow knew of the alleged scheme.

The problem with Arrow's argument is that it goes beyond the allegations of the complaint, to argue facts adduced in discovery. While it certainly appears from those facts that plaintiff had knowledge of the scheme well in advance of Arrow, and in greater detail, as Arrow itself argues, the record is not yet complete. Therefore, although hesitant to suggest more motion practice in a case that has already been over-litigated, the court agrees that Arrow's objections to

3

the proposed third amended complaint are more appropriately raised in a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Contrary to Arrow's assertions, the "futility" of the proposed amendment is judged by the same legal standard that applies to a Fed. R. Civ. P. 12(b)(6) motion. General Electric Capital Corp. v. Lease Resolution Corp., 128 F3d. 1074, 1085 (7th Cir. 1997)(citing Glassman v. Computervision Corp., 90 F.3d 617,623 (1st Cir. 1996)(more rigorous standard applies only when the motion to amend comes after a motion for summary judgment)). Therefore, if the court considered Arrow's evidence, it would, in effect, be treating a motion to dismiss as a motion for summary judgment, and pursuant to Fed R. Civ. P. 12(b)(6) "both parties must be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." A motion brought under Rule 56 (or converted pursuant to Rule 12(b)(6)) requires compliance with Northern District of Illinois Local Rule 56.1, and allows the court to consider the sufficiency of a claim after complete development of the record, something that Arrow itself admits has not yet been done. Therefore, consideration of Arrow's evidence at this time is inappropriate.[1] Because the proposed third amended complaint contains an allegation from which the court could conceive of a set of facts that would support plaintiff's claim that Arrow, at some point, became aware of Garrity's payments to Barry and instead of putting a halt to them, elected to continue to reap the benefits, it states a claim against Arrow under Conley v. Gibson, 355 U.S. 41 (1957).

---

[1] Although the court instructed defendants to raise any challenges they had to the proposed third amended complaint in one brief, the court was anticipating arguments challenging the legal sufficiency of the complaint in the nature of a Rule 12 (b)(6) motion, as opposed to challenges relating to the underlying facts supporting the claim, which is more in the nature of a Rule 56 motion.

4

Both the second amended complaint and the proposed third amended complaint allege that Gnat and Slupik, Milgray's employees, paid money to Barry to purchase parts from Milgray at inflated prices. The complaints also allege that Slupik and Gnat, while employed at Milgray, were also bribing Barry to purchase parts from Microcomp, a company owned by Gnat's wife and operated out of his home. On January 13, 2000, this court granted Milgray leave to file a counterclaim against Williams and cross-claims against the Gnats, Microcomp, and Slupik alleging fraud, breach of fiduciary duty, tortious interference with business opportunity, civil conspiracy, violation of the Illinois Consumer Fraud Act, and negligent supervision of Barry by Williams. With respect to Williams, the counterclaim contains allegations that Williams was aware the Gnat and Slupik were diverting business away from Milgray towards Microcomp in breach of their fiduciary duty to Milgray, yet failed to inform Milgray and continued to purchase parts from Microcomp.

In the proposed third amended complaint, plaintiff alleges that "Milgray subsequently ratified both the Milgray and Microcomp frauds perpetrated by its agents on Williams by filing a pleading in this Court which characterized Microcomp's profits on tainted sales to Williams as `corporate opportunities' of Milgray." Plaintiff argues that by retaining the "illegal profits" on Milgray's sales to plaintiff, and by claiming in the counterclaim the "illegal profits" on the Microcomp transactions, Milgray has somehow ratified both the Milgray and Microcomp frauds.

Plaintiff's description totally mischaracterizes the counterclaim. Milgray's position is that Gnat and Slupik had a fiduciary duty to Milgray, which required them to attempt to sell to Williams at the best possible (legal) price. By instead bribing Barry to purchase from Microcomp, Gnat and Slupik breached their duties to Milgray, and diverted potentially lawful

5

Milgray sales to Microcomp. Because Barry helped Gnat and Slupik, and because Williams is responsible for Barry, Williams arguably participated in the breach of fiduciary duty and the diversion of corporate opportunities.

"Ratification is a form of equitable estoppel involving the express or implied adoption of the acts of another by one for whom the other assumes to be acting, even without authority. At the heart of the doctrine of ratification is the concept that the person ratifying obtains a benefit, and that the benefit is obtained through the actions of a person who is acting in his behalf with apparent or implied authority." Swader v. Golden Rule Ins. Co., 203 Ill. App. 3d 697, 704 (5th Dist. 1990). By bringing this claim against Williams, Milgray has not adopted, obtained any benefit from, or in any way taken a position inconsistent with any of Gnat's, Slupik's and Barry's allegedly illegal Microcomp sales. Therefore, the filing of the counterclaim did not ratify the alleged illegal actions, and the proposed third amended complaint fails to state a claim against Milgray.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to file a third amended complaint is granted as to allegations against Arrow but denied as to allegations against Milgray. Plaintiff is given leave to file a third amended complaint, consistent with this opinion, on or before July 13, 2000.

**ENTER:** **June 15, 2000**

Robert W. Gettleman
United States District Judge