Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **97 C 3743** | **DATE** | July 25, 2003 |
| **CASE TITLE** | Williams Electronics Games    v    James Garrity, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Memorandum opinion and order entered. Accordingly, Garrity's motion for a setoff and satisfaction of judgment is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 9 2003 | 519 |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| GDS | courtroom deputy's initials | 03 JUL 28 PM 10: 50 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAMS ELECTRONIC GAMES, ) | |
| ) | |
| Plaintiff, ) | No.    97 C 3743 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| JAMES M. GARRITY, ARROW ELECTRONICS, ) |  |
| INC., and MILGRAY ELECTRONICS, INC. ) | |
| ) | JUL 2 9 2003 |
| Defendants ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Williams Electronics Games, Inc., sued its former employee, Gregory Barry, his wife Lorna, father Don, and mother Kathleen, and several of plaintiff's former vendors, including defendants Arrow Electronic, Inc., and Milgray Electronics, Inc., alleging that the vendors, through their respective employees, in particular James Garrity for Arrow and Lawrence Gnat and Richard Slupick for Milgray, bribed Barry to purchase parts at inflated prices. Prior to trial, plaintiff entered into a settlement agreement with the Barrys, in which they acknowledged acceptance of direct and indirect payments from certain vendors as inducements to prod Barry to make purchases from those vendors, resulting in overpayment. The settlement agreement called for Barry and his wife to pay plaintiff $250,000 in cash and property. In return, plaintiff agreed to dismiss without prejudice its claims against the Barrys and to assist the Barrys' efforts to "ameliorate" criminal charges. No covenant not to sue or release of claims was entered. Also prior to trial, plaintiff settled with a number of other individuals and vendors from whom Barry had received payments.

After a lengthy trial, the jury returned a verdict in favor of plaintiff and against defendant Garrity in the amount of $78,000, which was equal to the amount that Barry had received from Garrity. The jury found in favor of all other remaining defendants. After adjustment for prejudgment interest, the court entered judgment against Garrity in the amount of $115,2448.75. Garrity has now moved, pursuant to Fed. R. Civ. P. 60(b)(5), (6) for a set-off of the amount of the Barry settlement and, as a result, an order of satisfaction of judgment. For the reasons set forth below, the motion is denied.

## Discussion

Garrity's motion is based on the principle, with which plaintiff admits to having no quarrel, that a plaintiff may have only one recovery for an injury or that the amount of a settlement payment that compensates for a single indivisible injury can be set off against a recovery based on the same injury. <u>Pasquale v. Speed Products Engineering</u>, 166 Ill.2d 337, 369 (1995). Recognizing this, plaintiff raises a number of defenses to Garrity's motion.

First, plaintiff argues that Garrity waived his right to a set-off by failing to bring a timely counterclaim for set-off. Illinois, however, treats a motion for set-off as a post-judgment request to satisfy the judgment, <u>see</u> <u>Star Charters v. Figueroa</u>, 192 Ill.2d 47, 48-49 (2000). Hence, Garrity's motion pursuant to Fed. R. Civ. P. 60(b)(5), (6) is proper. The Seventh Circuit long ago accepted Illinois' procedure. See <u>Schumacher v. Rosenthal</u>, 226 F.2d 946, 948 (7th Cir. 1955).

Next, plaintiff argues that Garrity's claim for set-off must fail because it was brought pursuant to the Contribution Among Joint Tortfeasors Act, 740 ILCS 100/2(c) (the "Contribution Act"), which this court has already held does not apply to intentional tortfeasors. <u>Williams</u>

2

*Electronic Games, Inc. v. Barry*, 2001 WL 1104619 at*15 (N.D. Ill. 2001). The provision for a set-off contained in the Contribution Act is not, however, the source of a defendant's right to a set-off; it is merely a codification of the right that existed at common law. *Johnson v. Belleville Radiologists, Ltd.*, 221 Ill. App. 3d 100, 105 (5th Dist. 1991)(citing *New York, Chicago & St. Louis R.R. Co. v. American Translines, Inc.*, 408 Ill. 336 (1951)). Therefore, Garrity's argument need not rely on the Act.

Slightly more persuasive is plaintiff's argument that a set-off is inappropriate because no covenant not to sue was entered. Under both the Contribution Act 740 ILCS 100/2(c), and common law, amounts received by a plaintiff for "execution of a covenant not to sue are to be set-off." *New York, Chicago & St. Louis R.R. Co.*, 408 Ill. at 267-68. Barry's settlement agreement did not contain a release or a convent not to sue, thereby arguably rendering setoff unavailable. Once Barry testified for plaintiff, however, plaintiff dismissed with prejudice all claims against the Barrys, achieving the same result as a covenant. Because the principle behind the common law and the Contribution Act is to prevent double recovery for a single injury, *id.*, the lack of a covenant not to sue should not affect Garrity's right to a set-off.

Finally, and most persuasively, plaintiff argues that even if entitled to a set-off, Garrity has failed to bear the "burden of proving what portion of [the] settlement was allocated or is attributable to the claim for which he is liable." *Pasquale*, 166 Ill. 2d at 369. As noted, the settlement agreement settled all claims plaintiff had against the Barrys, including claims arising out of Barry's receipt of bribes from vendors other than Arrow. Barry received money from Gnat and Slupick, Metro Circuit Board, Inc., Metro Teluse, Inc., American Progressive Circuits, Procomponents and Microcomp. Indeed, Barry received over $600,000 from Microcomp alone.

3

Because there was no single conspiracy established between Barry and all of the sales representatives from the various vendors, Garrity was not a joint tortfeasor with, for example, Microcomp. Thus, the settlement agreement did not settle one distinct claim. Therefore, to receive a set-off, Garrity must establish what portion of the $250,000 settlement should be allocated to the Barry/Garrity fraud, as opposed, for example, to the Barry/Microcomp fraud. In light of the large amounts received by Barry from the other sales representatives and vendors, it is likely that very little of the settlement agreement would be apportioned to Garrity. Whatever that amount, however, it is Garrity's burden to establish. Id. Garrity has failed to make any attempt to do so, and thus has failed to meet his burden of demonstrating that plaintiff would receive a double recovery by collecting its judgment against him.

For the foregoing reason, Garrity's motion for a set-off and satisfaction of judgment is denied.

ENTER:     July 25, 2003

Robert W. Gettleman
United States District Judge